|     | UNITED STATES BANKRUPTCY COURT |
| --- | --- |
|     | EASTERN DISTRICT OF WASHINGTON |

| In Re: | ) | |
| --- | --- | --- |
| | ) | No. 04-03781-PCW7 |
| CHARLES F. AND MARCELLA C. BLUE, | ) ) | MEMORANDUM DECISION RE: |
| | ) | DEBTORS' MOTION TO AVOID |
| Debtors. | ) | LIEN OF HOUSEHOLD FINANCE |
| _____ | ) | CORPORATION |

THIS MATTER came before the Court for hearing on August 23, 2006 pursuant to debtors Charles and Marcella Blue's Motion to Avoid Judicial Lien of Household Finance Corporation III under 11 U.S.C. § 522(f). After oral argument and supplemental briefing, the matter was submitted to the Court. The Court now renders its Memorandum Decision.

### I. FACTS

Charles F. Blue and Marcella C. Blue (hereinafter "debtors") filed a petition for relief under Chapter 7 on May 11, 2004. At the time of filing, the debtors listed the value of their home at $110,000, and did not claim a homestead exemption.

Household Finance Corporation III (hereinafter "Household") held a judicial lien on the property arising from a Judgment entered on January 6, 2004, in the amount of $14,264.87. During the bankruptcy proceeding, the debtors did not attempt to avoid Household's lien under § 522(f)(1). The debtors were granted a discharge on August 11, 2004, with the final decree being entered on the same day.

The subject property was sold on October 28, 2005 for $158,500, and at closing, Household's judicial lien was not paid. Funds in excess of prior liens and closing costs continue to be held by the closing agent, pending resolution of this matter. The

MEMORANDUM DECISION RE: . . . - 1

debtors filed a motion to reopen the case on January 12, 2006, and the Bankruptcy Court ordered the case reopened on January 24, 2006. This Motion to Avoid Lien under § 522(f) was filed on January 28, 2006. Debtors also filed an Amended Schedule C on May 17, 2006, which, for the first time, claimed a state homestead exemption in the amount of $40,000, pursuant to RCW 6.13.070.

According to the debtors' schedules, at the time of the bankruptcy filing, the value of the property was $110,000, and it was encumbered by a Deed of Trust in favor of Spokane Teachers Credit Union for $61,537.00. Household held not only its third position judicial lien, but also a second position Deed of Trust which, per the schedules, secured a lien in the amount of $46,440. Utilizing the sale price of $158,500, Household deducts the amounts due under the two Deeds of Trust, and debtors' maximum homestead exemption of $34,850, then argues that $15,713 is available equity to which the judicial lien attaches. In debtors' response to Household's objection, the debtors also utilize the sale price of the home, but claim that the homestead exemption is actually $40,000, and that the judicial lien impairs the exemption by $843.88, and should be avoided.[1]

Household also argues that the Motion to Avoid Lien brought by the debtors is untimely and that debtors lack standing to avoid the lien as they had, at the time of the motion, already transferred title in the property. Household cites no authority regarding the standing issue. It also argues that because the debtors

---

[1] The debtors in their brief refers to lien amounts which differ from those on the schedules. There is no evidence indicating the source of those amounts.

MEMORANDUM DECISION RE: . . . - 2

transferred title and interest in the property, they no longer have a homestead in the subject property. However, no objection to the Amended Schedule C filed May 17, 2006 has been filed, nor has a trustee been appointed in the reopened case.

## II. DISCUSSION

**A. Was the Motion to Void Lien Timely?**

Debtors are correct that there is no deadline set forth in the statute or Bankruptcy Rule to bring a motion to avoid a lien under § 522(f). Under § 522(f)(1), a debtor may avoid a lien if: (1) the lien is a judicial lien; (2) there was a fixing of a lien on an interest of the debtor in property; and (3) such lien impairs an exemption to which the debtor would have been entitled. *In re Chiu,* 304 F.3d 905, 908 (9th Cir. 2002).

1. <u>The lien is a judicial lien</u>.

The lien held by Household is a judicial lien, entered on January 6, 2004, in the amount of $14,264.87.

2. <u>There was a fixing of a lien on an interest of the debtor in property</u>.

Household states that the debtors cannot avoid the lien because they had no interest in the property when the motion was filed. The debtors filed their motion after they had already transferred title to the purchaser of the real property. Contrary to Household's belief, however, the debtors do not necessarily need to have an interest in the property at the time they move to avoid, as long as they owned the subject property before the lien fixed upon it. *Chiu, supra*, at 908. The debtors had an interest at the time the lien attached, and the later sale of the property does not preclude relief under § 522(f).

MEMORANDUM DECISION RE: . . . - 3

3. <u>The lien impairs an exemption to which the debtor would have been entitled</u>.

A lien impairs an exemption to the extent that the total of the judgment lien, the other liens, and the exemption exceeds the value of the debtors' interest in the property. This necessary element of a successful lien avoidance motion requires a determination of the issue raised by the facts of this case, which is: "What is the operative date to assess whether impairment exists?"

**B. Is Impairment of Homestead Under § 522(f) Determined By the Date the Motion is Filed, or Some Other Date?**

1. <u>The value of the house</u>.

The debtors and Household both contend that the value of the house is determined at the time of sale, not at the time of bankruptcy. Debtors cite *In re Hyman*, 967 F.2d 1316 (9th Cir. Cal. 1992), in which the court stated: ". . . [i]n making these calculations, the relevant figure is the actual sale price of the property, not the value of the property listed by the debtor on his schedule of assets." *Hyman, supra,* at 1320. The court in *Hyman* was referring to sale of the debtors' property by the trustee, and the debtors' claim to appreciation in excess of the homestead exemption. The decision held that the homestead exemption comes into play upon sale of the property, not when the petition is filed.

The *Hyman* case largely dealt with 11 U.S.C. § 704 and the duty of the trustee to act in the best interest of parties in interest in reducing estate property to cash, instead of a motion to avoid a lien under § 522. *Hyman* is factually and legally

MEMORANDUM DECISION RE: . . . - 4

distinguishable from the current controversy.

A case factually similar to the current situation and involving a 522(f) motion is *In re Salanoa*, 263 B.R. 120 (Bankr. S.D. Cal. 2001). The debtors in *Salanoa* filed a Chapter 7 and received a discharge. Five years later, they filed a motion to reopen their case and to avoid a judicial lien after they failed in an attempt to refinance their house. The court in that case had to determine the operative date to value the house and the liens on the house. The court stated that the petition date was the operative date to value the house, and to make all § 522(f) determinations. Such result is consistent with the Supreme Court's holding in *Dewsnup v. Timm,* 502 U.S. 410 (1992).

The approach of the court in *Salanoa* has been followed by other courts in the Ninth Circuit. See *In re Bruton,* 167 B.R. 923, 925 (Bankr. S.D. Cal. 1994)(nature and extent of debtor's homestead rights are determined as of the petition date); see also *In re Todd*, 194 B.R. 893 (Bankr. D. Mont. 1996). Most importantly, § 522 specifically requires that the value of the residence for purpose of motions under § 522(f) be determined as of the filing of the bankruptcy petition. Under § 522(f)(2)(A), a lien impairs an exemption if the lien to be avoided and all other liens and the amount of the homestead exemption, ". . . exceeds the value that the debtor's interest in the property would have in the absence of any liens." Value is defined in § 522(a) as the "fair market value as of the date of the filing of the petition. . . ."

Determination of the value of the property is a necessary step in the calculation of impairment and, by statute, that determination is made as of the date of filing the petition.

MEMORANDUM DECISION RE: . . . - 5

2. <u>The amount of the liens</u>.

The petition date is the operative date to make all § 522(f) determinations, including the determination of the amount of the liens. In performing the mathematical calculation necessary to determine impairment, all the numbers in the calculation should have the same operative date. As held in *Salanoa,* the petition date is the operative date to value liens because it is the most equitable method for all parties and is required by the statute. This allows a lien creditor to enjoy the increase in value if the lien is not avoided, but at the same time, preserves the debtor's rights as they existed on the petition date to the extent that the lien may be avoidable under § 522(f).

3. <u>Motions brought post-petition</u>.

There possibly is an exception to the requirement to value the property and calculate the amount of the liens as of the petition date. If the debtor moves to avoid a judicial lien post-discharge, as in this case, an exception to the "petition date calculation" could exist. An injured creditor could be prejudiced if the calculation of impairment were to be used as of the hearing or motion date. *Salanoa, supra,* citing *In re Ricks,* 62 B.R. 681, 682-83 (Bankr. S.D. Cal. 1986)(where post-discharge motion to avoid lien ruled time-barred if the creditor shows detrimental reliance on debtor's prior inaction in avoiding the lien). However, the creditor must introduce evidence to demonstrate that it has been prejudiced by the debtor's delay or relied upon the debtors' non-action to its detriment. In the current situation, Household has not argued that it has been prejudiced or has suffered harm due to the debtors' delay in avoiding the lien. Household merely objected

MEMORANDUM DECISION RE: . . . - 6

to timeliness of the motion, without showing prejudice.  In addition, much longer time delays from date of discharge to motion to reopen have been permitted than the 17 months present in this situation.  *Chiu, supra,* at 907 (where debtor reopened case four years after discharge and avoided lien).  The court cannot presume prejudice arose from the 17 month delay.

**C.  Does the Homestead Impair the Exemption?**

The Amended Schedule C filed May 17, 2006 claims the full homestead exemption amount allowed by state law which is $40,000. No objection has been filed to that exemption.  The value of the property on the bankruptcy schedules was $110,000, and Household has not contested the accuracy of the schedules.  The calculation is:

|  |  |
|---|---|
| Amount Due First Deed of Trust: | $ 61,537.00 |
| Amount Due Second Deed of Trust: | $ 46,440.00 |
| Subtotal: | $107,977.00 |
| Homestead: | $ 40,000.00 |
|  | $147,977.00 |

Clearly, Household's judgment lien impaired the exemption as of the date of filing the bankruptcy petition.[2]

---

[2]The property was sold approximately 17 months after the filing of the petition for $158,500.  The costs of that sale (title insurance, closing costs, excise tax, realtor fees, etc.) are not known.  Such costs are often estimated in this District at ten percent (10%) of the sales price.  It is not known if unpaid real estate taxes existed and were satisfied at the time of sale.  The amounts actually then due on the underlying liens are not known. It is certainly possible that should the calculation of impairment be made as of the date of sale, that the judicial lien of Household would impair the exemption just as it does when the calculation is performed based upon the date of filing the petition.  Again, it cannot be presumed that Household was prejudiced by the debtors' delay in filing the motion.

MEMORANDUM DECISION RE: . . . - 7

**D. The Appreciation in Value of the Property.**

Household argues that it is entitled to the benefit of the appreciation in value of the property from the date of the bankruptcy filing to the date of sale. Debtors argue they are entitled to the benefit. In a bankruptcy proceeding, the debtor's interest in the property passes to the bankruptcy estate. *In re Alsberg*, 68 F.3d 312 (9th Cir. 1995). The parties' arguments relating to appreciation in value appear to be a dispute regarding whether the debtors are entitled to claim the homestead exemption, and, if so, the amount of the exemption. No objection has been filed to the Amended Schedule C, however. Nor has a new trustee been appointed in the reopened case. A trustee is to be appointed and any issues concerning the propriety of the homestead exemption can be addressed when the issues are properly framed and procedurally ripe for resolution.

### III. CONCLUSION

The lien is subject to avoidance under § 522(f). The Court will enter an order in accordance with this decision.

MEMORANDUM DECISION RE: . . . - 8